ORIGINAL

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Thomas H. Petrides (SBN 117121)
    thomas.petrides@klgates.com
Nancy C. Hagan (SBN 273981)
    nancy.hagan@klgates.com

Attorneys for Defendant Heineken USA Inc.



E-filing

FILED
SEP 1 4 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DMR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENLEY, an individual<br><br>                    Plaintiff,<br><br>          vs.<br><br>HEINEKEN USA, a New York corporation, and<br>DOES 1 -50,<br><br>                    Defendants. | Case No. **C 12 4835**<br><br>**NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP (28 U.S.C. §§ 1332, 1441, 1446)** |

RECYCLED PAPER

1

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT**:

2

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

3

Defendant Heineken USA Incorporated ("Defendant" or "Heineken") (erroneously named in the

4

Complaint as "Heineken USA"), by its undersigned attorneys, hereby removes to this Court the

5

action entitled <u>Robert Henley v. Heineken USA</u>, Case No. CGC-12-523249 (the "State Court

6

Action") from the Superior Court of the State of California, County of San Francisco, in which court

7

the State Court Action was filed.  In support of this Notice of Removal, Defendant states as follows:

8

### Statement of Removal and Jurisdiction – Diversity

9

1.      On August 15, 2012, Plaintiff Robert Henley ("Plaintiff") filed the State Court Action,

10

naming Heineken as a defendant.

11

2.      Heineken was first served with a copy of Plaintiff's Summons and Complaint in the

12

State Court Action via personal service on August 16, 2012.  A true and correct conformed copy of

13

the Summons, Complaint and associated documents served on Heineken are attached hereto as

14

Exhibit 1.  The Summons, Complaint, and associate documents that were filed by Plaintiff in San

15

Francisco Superior Court are attached hereto as Exhibit 2.  The Proof of Service of Summons that

16

was filed by Plaintiff in San Francisco Superior Court is attached hereto as Exhibit 3.  On September

17

13, 2012, Heineken filed an answer to Plaintiff's Complaint in the State Court Action (the

18

"Answer").  A true and correct conformed copy of the Answer is attached hereto as Exhibit 4.  The

19

attached exhibits constitute all of the pleadings served on Heineken, and filed by Heineken or

20

Plaintiff, in the State Court Action to date.

21

3.      The State Court Action is a civil action of which this Court has original jurisdiction

22

under 28 U.S.C. § 1332 (diversity jurisdiction), and is one that may be removed to this Court by

23

Heineken pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between

24

citizens of different states, and the amount in controversy exceeds the sum of $75,000.

25

4.      In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is

26

timely because it was filed within thirty (30) days of Heineken first being served with the Summons

27

and Complaint.  The Summons and Complaint are the initial pleadings setting forth the claim for

28

relief on which this removal is based.

1

**Citizenship of the Parties**

2    5.    Heineken alleges that at the time the State Court Action was filed and at the time of

3 filing of this Notice of Removal, Plaintiff was, and still is, a citizen and a resident of the State of

4 California.  Complaint ¶ 3.

5    6.    Heineken was incorporated under the laws of the State of New York on February 4,

6 1946.  Heineken was, and still is, a duly formed New York corporation in good standing at the time

7 the State Court Action was filed and at the time of filing of this Notice of Removal.  Heineken's

8 executive offices (corporate nerve center) are located in White Plains, New York, which is

9 Heineken's principal place of business at the time the State Court Action was filed and at the time of

10 filing of this Notice of Removal.  Thus, Heineken is a citizen of the State of New York.

11    7.    Given that Heineken is not a citizen of the State of California, diversity of citizenship

12 exists between Plaintiff and Heineken.

13

**Amount in Controversy**

14    8.    In his Complaint, Plaintiff seeks damages for loss of income, loss of earning capacity,

15 loss of employment benefits, and mental and emotional distress.  Complaint ¶ 27.  Based on

16 Plaintiff's last full year of employment with Heineken, Plaintiff earned approximately $112,021.92 in

17 wages as his base salary plus an additional $18,140.01 in bonus payments.  Additionally, Plaintiff

18 received various job benefits from Heineken, including paid medical and other insurance benefits, as

19 well as paid vacation on an annual basis.  Plaintiff's Complaint alleges that he has not worked at

20 Heineken since January 31, 2012.  Thus, based on seven months since Plaintiff's termination date,

21 this would amount to a claim by Plaintiff in excess of $75,000 worth of alleged lost wages and

22 benefits from Heineken to date.

23    9.    Additionally, pursuant to his Complaint, Plaintiff is also seeking compensatory

24 damages for future wage loss and mental and emotional distress, as well as punitive damages and

25 attorneys' fees as provided by law.  Complaint ¶¶ 27-29.  Therefore, the amount in controversy

26 exceeds $75,000, exclusive of interest and costs.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029,

27 2031 (N.D. Cal. 2002) (amount in controversy satisfied where plaintiff sought compensatory

28

1  damages, including lost wages, emotional distress damages, punitive damages, injunctive relief,
2  including attorneys' fees).

3  <div align="center">**Removal Procedures**</div>

4      10.    Removal is properly made to the United States District Court for the Northern District
5  of California under 28 U.S.C. § 1441(a), because the Superior Court of the State of California,
6  County of San Francisco, where the State Court Action is currently pending, is within the Northern
7  District of California.

8      11.    The United States District Court for the Northern District of California has jurisdiction
9  over this case pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum
10  of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

11      12.    A copy of this Notice of Removal will be filed with the Clerk of the San Francisco
12  County Superior Court, and a copy will also be served on the Plaintiff, as required by 28 U.S.C. §
13  1446(d).

14      **WHEREFORE**, Heineken respectfully requests the removal of the State Court Action from
15  the Superior Court of the State of California, County of San Francisco, to the United States District
16  Court for the Northern District of California.

17

18                                   K&L GATES LLP

19  Dated: September 13, 2012        By: _____
20                                    Thomas H. Petrides
21                                    Nancy C. Hagan
                                  Attorneys for Defendant Heineken USA Inc.

22

23

24

25

26

27

28

# EXHIBIT 1



CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 10232021
Date Processed: 08/17/2012

| | |
|---|---|
| Primary Contact: | Patricia Mercadante<br>Heineken USA Incorporated<br>360 Hamilton Avenue<br>Suite 1103<br>White Plains, NY 10601 |
| Copy of transmittal only provided to: | Julie Kinch |

| | |
|---|---|
| Entity: | Heineken USA Incorporated<br>Entity ID Number 1957833 |
| Entity Served: | Heineken USA, Inc. |
| Title of Action: | Robert Henley vs. Heineken USA |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | San Francisco County Superior Court, California |
| Case/Reference No: | CGC-12-523249 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 08/16/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Mark C. Thomas<br>415-986-1338 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
HEINEKEN USA, INC., a New York corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ROBERT HENLEY, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94111

CASE NUMBER:
(Número del Caso): CGC-12-523249

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark C. Thomas, 353 Sacramento St., Ste 1140, San Francisco, CA 94111, 415.986.1338

DATE:
(Fecha) AUG 1 5 2012

CLERK OF THE COURT
Clerk, by
(Secretario) ELIAS BOTT , Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

BY FAX

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Heineken USA, Inc., a New York Corporation

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 AUG 15 AM 1: 11

CLERK OF THE COURT
BY: ELIAS BUTT
DEPUTY CLERK

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brownstein Thomas, LLP<br>Mark C. Thomas (SBN 215580)<br>353 Sacramento Street, Suite 1140<br>San Francisco, CA 94111<br>TELEPHONE NO: 415.986.1338    FAX NO: 415.986.1231<br>ATTORNEY FOR (Name): Plaintiff Robert Henley | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME:

CASE NAME:
Henley v. Heineken USA, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-12-523249 |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ✔ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✔ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✔ monetary    b. ✔ nonmonetary; declaratory or injunctive relief    c. ✔ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is ✔ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8.15.2012
Mark C. Thomas
    (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 AUG 15   AM 1: 1

CLE... ...HE COURT
BY:    ELIAS BI...
       DEPUTY CLERK

1  BROWNSTEIN THOMAS, LLP
   MARK C. THOMAS SBN: 215580
2  353 Sacramento Street, Suite 1140
   San Francisco, CA 94111
3  Telephone: 415-986-1338
   Facsimile: 415-986-1231
4
   Attorneys for Plaintiff
5  Robert Henley

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10                UNLIMITED JURISDICTION

11

12  ROBERT HENLEY, an individual,          Case No.: CGC-12-523249

13            Plaintiff,                    PLAINTIFF'S COMPLAINT FOR
                                            EMPLOYMENT DISCRIMINATION IN
14        vs.                               VIOLATION OF THE FAIR
                                            EMPLOYMENT AND HOUSING ACT
15  HEINEKEN USA, a New York corporation,
    and DOES 1-50,                          BY FAX
16
            Defendants
17

18       Plaintiff Robert Henley (hereinafter "Plaintiff" or "Henley"), an individual, through his

19  attorneys of record, hereby alleges and complains as follows:

20                        JURISDICTION AND VENUE

21       1.      The San Francisco County Superior Court has jurisdiction in this matter

22  due to the violations of the California Government Code alleged against defendants occurred in

23  the state of California.

24       2.      Venue as to each defendant is proper in this judicial district, pursuant to

25  California Code of Civil Procedure Sections 395(a) and 395.5, and Business & Professions Code

26  Section 17203. Plaintiff performed work for Defendant in San Francisco. Furthermore, each

27  defendant either maintains an office, transacts business, has an agent, or is found in the County

28

                              COMPLAINT - 1

1  of San Francisco, and each defendant is within the jurisdiction of this Court for the purposes of

2  service of process.

3  ## PARTIES

4      3.    Plaintiff Robert Henley is an individual over the age of eighteen (18) and

5  is now, and at all times mentioned in this Complaint, was a resident of California.

6      4.    Defendant Heineken USA, Inc. (hereinafter referred to as "Heineken") is a

7  corporation organized and existing under New York law, and authorized to conduct business in

8  California.

9      5.    At all relevant times Heineken has been an employer subject to suit under

10  the California Fair Employment and Housing Act ("FEHA").

11      6.    Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will

13  amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is

14  informed and believes and thereon alleges that each of these fictitiously named defendants is in

15  some manner responsible in some manner for the occurrences herein alleged and that Plaintiff's

16  injuries as herein alleged were proximately caused by the aforementioned defendants.

17      7.    Plaintiff is informed and believes and thereon alleges that at all relevant

18  times each of the defendants was the agent, employee, partner, joint venturer, of each of the

19  remaining defendants, in doing the things hereinafter alleged they were acting within the course

20  and scope of such agency, employment, partnership, and joint venture, and, they authorized,

21  ratified, aided, abetted, encouraged, and counseled the doing of the things hereinafter alleged.

22  ## GENERAL ALLEGATIONS

23      8.    In June of 2001, Henley commenced his career with Heineken. He

24  performed his job well and consistently received merit pay increases and bonuses.

25      9.    In approximately September 2008, Chris Brown ("Brown") was hired to

26  be Henley's supervisor.

27      10.    Heineken gives annual performance reviews each year. The performance

28  review has two components. The first component is performance objectives, which is a purely

quantifiable rating measuring whether the employee met his sales goals. The second component is competencies, which is more subjective rating system. The two components are combined based on a performance matrix to determine the employee's overall rating.

11.    In 2010 Brown completed Henley's performance review. Henley was given a "good" rating in his performance objectives, meaning he met his sales goals. However, he was given a "needs improvement" rating on his competencies. Based on the Heineken performance matrix, an employee who receives a "good" rating on the objective performance objectives and a "needs improvement" rating on the subjective competencies should receive an overall performance rating of "good." Thus, Henley should have received an overall performance result of "good." Brown, however, disregarded the performance matrix gave Henley and overall performance rating of "needs improvement." As a result of this lower performance rating, Henley did not receive a salary increase in 2011.

12.    Shortly after the 2010 performance review was issued, on March 14, 2011 Brown placed Henley on a performance improvement plan purportedly based on the same subjective competencies contained in the 2010 performance review. The performance improvement plan set forth clear, non-subjective goals, Henley needed to meet to be taken off the performance improvement plan.

13.    Henley met the clear, non-subjective goals set forth in his performance improvement plan. As a result, on July 12, 2011 he was taken off the performance improvement plan.

14.    On or around September 2011, Henley received his mid-year review, which rated his performance as good.

15.    On or around January 31, 2012, Henley was called into a meeting with Brown. During the meeting, Brown told Henley that he would receive an overall performance rating of "needs improvement" for the 2011 year. Heineken has a policy that if an employee receives two performance improvements in a row the employee is terminated. Thus, Brown informed Henley that his employment was terminated because he received two overall "needs improvement" ratings in a row.

16.     Heineken's s proffered reason for Henley's termination is a pretext to terminate him because of his race. Henley should not have received two overall "needs improvement" performance ratings in a row. Pursuant to Heineken's performance matrix, Henley should have received an overall good performance rating in 2010.

17.     Employees who were not African American were not downgraded on the subjective competencies component of the performance review. Furthermore, Heineken did not disregard the performance matrix to downgrade employees who were not African American on their overall performance rating. Henley is informed and believes and thereon alleges that Heineken has a practice and pattern of discriminating against African American employees. In the ten years Henley worked for Heineken, he was the only African American person ever hired and the only African American to work for Heineken out of the hundreds of employees that worked in Heineken's western region.

18.     Heineken discriminated against Henley by denying him a merit based pay raise in 2011 and terminating his employment in 2012.

19.     Henley has exhausted all administrative requirements prior to filing this lawsuit. Copies of his right to sue letter are attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

## RACE DISCRIMINATION

### (California Gov't Code § 12945 *et seq*.)

20.     Sain incorporates herein each of the foregoing paragraphs as though fully set forth herein.

21.     The California Fair Employment and Housing Act prohibits an employer from discriminating against any employee because of their race. Henley, an African-American, is a member of a protected class as defined by the FEHA.

22.     Henley was employed by Heineken from 2001 until he was terminated on January 31, 2012.

23.     In 2010 Brown completed Henley's performance review. Henley was given a "good" rating in his performance objectives, meaning he met his sales goals. However,

1   he was given a "needs improvement" rating on his competencies. Based on the Heineken

2   performance matrix, an employee who receives a "good" rating on the objective performance

3   objectives and a "needs improvement" rating on the subjective competencies should receive an

4   overall performance rating of "good." Thus, Henley should have received an overall

5   performance result of "good." Brown, however, disregarded the performance matrix gave

6   Henley and overall performance rating of "needs improvement." As a result of this lower

7   performance rating, Henley did not receive a salary increase in 2011.

8          24.    On January 31, 2012, Henley's employment was terminated for allegedly

9   receiving two overall "needs improvement performance" ratings in a row. Heineken's proffered

10   reason for Henley's termination is a pretext to terminate him because of his race. Henley should

11   not have received two overall "needs improvement" performance ratings in a row. Pursuant to

12   Heineken's performance matrix, Henley should have received an overall good performance

13   rating in 2010.

14          25.    Employees who were not African American were not downgraded on the

15   subjective competencies component of the performance review. Furthermore, Heineken did not

16   disregard the performance matrix to downgrade employees who were not African American on

17   their overall performance rating. Henley is informed and believes and thereon alleges that

18   Heineken has a practice and pattern of discriminating against African American employees. In

19   the ten years Henley worked for Heineken, he was the only African American person ever hired

20   and the only African American to work for Heineken out of the hundreds of employees that

21   worked in Heineken's western region.

22          26.    Heineken discriminated against Henley by denying him a merit based pay

23   raise in 2011 and terminating his employment in 2012.

24          27.    As a result of this unlawful termination and Heineken's illegal conduct,

25   Henley has suffered and will continue to suffer loss of income, loss of earning capacity, loss of

26   employment benefits, mental and emotional distress, and other damages in an amount according

27   to proof.

28

28.    In denying Henley's merit raise and terminating Henley as described herein, Heineken acted with oppression, fraud and malice, in conscious derogation of Henley's rights under applicable law.  Henley is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Defendants.

29.    WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Henley prays for judgment against Heineken herein as follows:

1.    Compensatory damages in an amount to be proven at a trial by jury.

2.    Pre-judgment and post-judgment interest as allowed pursuant to statutory and common law.

3.    Exemplary and punitive damages in an amount sufficient to punish Heineken and make an example out of it.

4.    Henley's taxable costs and expenses of litigation including, but not limited to, attorneys' fees pursuant to statutory and common law.

5.    Such other relief as the Court deems just.

///

BROWNSTEIN & THOMAS, LLP

DATED: August 15, 2012


MARK C. THOMAS
Attorney for Plaintiff
Robert Henley

# EXHIBIT A



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 15, 2012

Robert Henley
119 Sucamore Ave.
South San Francisco, CA 94080

RE: 26828-13481 - Henley Robert - Right To Sue

### Notice of Case Closure and Right to Sue

Dear Robert Henley:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 15, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Department of Fair Employment and Housing

cc: Maggie Timony, Agent for Service for Heineken USA, Inc.



**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
26828-13481

| COMPLAINANT NAME:<br>Robert Henley | | TELEPHONE NUMBER:<br>(650) 219-3576 |
|---|---|---|
| ADDRESS:<br>119 Sucamore Ave. | | CITY/STATE/ZIP:<br>South San Francisco, CA 94080 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME:<br>Heineken USA, Inc. | AGENT FOR SERVICE NAME:<br>Maggie Timony | TELEPHONE NUMBER:<br>(914) 681-4100 |
|---|---|---|
| ADDRESS (AGENT FOR SERVICE):<br>360 HAMILTON AVENUE, Suite 1103 | | CITY/STATE/ZIP:<br>White Plains, NY 10601 |

| NO. OF EMPLOYEES/MEMBERS:<br>500 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>Jan 31, 2012 | TYPE OF EMPLOYER:<br>Private Employer |
|---|---|---|

CO-RESPONDENT(S):

NAME          ADDRESS                    PHONE NUMBER

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Immediate Right to Sue."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Dated August 15, 2012 At South San Francisco       Verified By:Mark C. Thomas attorney for complainant

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Aug 14, 2012
COMPLETED: Aug 15, 2012

STATE OF CALIFORNIA

Page 1/2



**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination

ON OR BEFORE: Jan 31, 2012

BECAUSE OF MY     Color, Race
ACTUAL OR
PERCEIVED:

AS A RESULT, I WAS:          Terminated, Other
                             denied a merit pay raise

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

In June of 2001, Henley commenced his career with Heineken. He performed his job well and consistently received merit pay increases and bonuses. In approximately September 2008, Chris Brown ["Brown"] was hired to be Henley's supervisor. Heineken gives annual performance reviews each year. The performance review has two components. The first component is performance objectives, which is a purely quantifiable rating measuring whether the employee met his sales goals. The second component is competencies, which is more subjective rating system. The two components are combined based on a performance matrix to for an over all rating. In 2010 Brown completed Henley's performance review. Henley was given a "good" rating in his performance objectives, meaning he met his sales goals. However, he was given a "needs improvement" rating on his competencies. Based on the Heineken performance matrix, an employee who receives a "good" rating on the objective performance objectives and a "needs improvement" rating on the subjective competencies should receive an overall performance rating of "good." Thus, Henley should have received an overall performance result of "good." Brown, however, disregarded the performance matrix gave Henley and overall performance rating of "needs improvement." As a result of this lower performance rating, Henley did not receive a salary increase in 2011. Shortly after the 2010 performance review was issued, on March 14, 2011 Brown placed Henley on a performance improvement plan purportedly based on the same subjective competencies contained in the 2010 performance review. The performance improvement plan set forth clear, non-subjective goals, Henley needed to meet to be taken off the performance improvement plan. Henley met the clear, non-subjective goals set forth in his performance improvement plan. As a result, on July 12, 2011 he was taken off the performance improvement plan. On or around September 2011, Henley received his mid-year review, which rated his performance as good. On or around January 31, 2012, Henley was called into a meeting with Brown. During the meeting, Brown told Henley that he would receive an overall performance rating of "needs improvement" for the 2011 year. Heineken has a policy that if an employee receives two performance improvements in a row the employee is terminated. Thus, Brown informed Henley that his employment was terminated because he received two overall "needs improvement" ratings in a row. Heineken's s proffered reason for Henley's termination is a pretext to terminate him because of his race. Henley received two overall "needs improvement" performance ratings in a row. Pursuant to Heineken's performance matrix, Henley should have received an overall good performance rating in 2010. Employees who were not African American were not downgraded on the subjective competencies component of the performance review. Furthermore, Heineken did not disregard the performance matrix to downgrade employees who were not African American on their overall performance rating. Henley is informed and believes and thereon alleges that Heineken has a practice and pattern of discriminating against African American employees. In the ten years Henley worked for Heineken, he was the only African-American person ever hired and the only African American to work for Heineken out of the hundreds of employees that worked in Heineken's western region. As a result, Heineken discriminated against Henley by denying him a merit based pay raise in 2011 and terminating his employment in 2012.

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Aug 14, 2012
COMPLETED: Aug 15, 2012

STATE OF CALIFORNIA

Page 2/2

CASE NUMBER: CGC-12-523249  ROBERT HENLEY VS. HEINEKEN USA, A NEW YORK COF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    JAN-16-2013

TIME:    10:30AM

PLACE:   Department 610
         400 McAllister Street
         San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____


_____         _____
Name of Party Stipulating                Name of Party Stipulating

_____         _____
Name of Party or Attorney Executing Stipulation    Name of Party or Attorney Executing Stipulation

_____         _____
Signature of Party or Attorney            Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant    ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____         Dated: _____

☐ *Additional signature(s) attached*

ADR-2  07/12          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:           Div.:              Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

CASE MANAGEMENT STATEMENT

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CM-110 |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  Referral to judicial arbitration or civil action mediation (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 3 of 5

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
    <u>Party</u>          <u>Description</u>          <u>Date</u>

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# MEDIATION SERV

## MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

### TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager,
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES,
AND PHOTOGRAPHS

WWW.SFBAR.ORG/MEDIATE OR
(adr@sfbar.org or 415.982.1600)

## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS

- Business
- Civil Rights
- Commercial
- Construction
- Contract
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Family/Juvenile Specialists
- (Pro) Disputes
- Finance
- Government
- Insurance
- Intellectual Property
- (Inv) Organizational
- Labor
- Landlord/Tenant
- Land Use
- LGBT Issues
- Malpractice (Legal/Medical/Professional
- (Partnership) Dissolutions
- Personal Injury
- Probate/Trusts
- Products Liability
- Real Estate
- Securities
- Trademark
- Uninsured Motorists
- Workers' Issues
- And more...

QUALITY · EXPERIENCE · TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION · ADR@SFBAR.ORG · 415.982.1600

# EXHIBIT 2



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Aug-15-2012 11:41 am

Case Number: CGC-12-523249

Filing Date: Aug-15-2012 11:37

Filed by:  ELIAS BUTT

Juke Box: 001    Image: 03725664

COMPLAINT

ROBERT HENLEY VS. HEINEKEN USA, A NEW YORK CORPORATION et al

001C03725664

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="border:1px solid">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEINEKEN USA, INC., a New York corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT HENLEY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94111

CASE NUMBER:
*(Número del Caso):*
**CGC-12-523**249

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark C. Thomas, 353 Sacramento St., Ste 1140, San Francisco, CA 94111, 415.986.1338

DATE: AUG 15 2012            CLERK OF THE COURT
*(Fecha)*                    Clerk, by _____, Deputy
                             *(Secretario)*        ELIAS BUT    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brownstein Thomas, LLP<br>Mark C. Thomas (SBN 215580)<br>353 Sacramento Street, Suite 1140<br>San Francisco, CA 94111<br>TELEPHONE NO. 415.986.1338   FAX NO. 415.986.1231<br>ATTORNEY FOR *(Name)*: Plaintiff Robert Henley | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>**AUG 15 2012**<br><br>CLERK OF THE COURT<br>BY: _Elias Rot_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME:

CASE NAME:
Henley v. Heineken USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC - 12 - 523249**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ✔ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
**4.** Number of causes of action *(specify)*: 1
**5.** This case ☐ is  ✔ is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 8.15.2012

Mark C. Thomas
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUMMONS ISSUED

1    BROWNSTEIN THOMAS, LLP
     MARK C. THOMAS SBN: 215580
2    353 Sacramento Street, Suite 1140
     San Francisco, CA 94111
3    Telephone: 415-986-1338
     Facsimile: 415-986-1231
4
     Attorneys for Plaintiff
5    Robert Henley

6

7

8

9

10

11

12    ROBERT HENLEY, an individual,

13          Plaintiff,

14          vs.

15    HEINEKEN USA, a New York corporation,
      and DOES 1-50,

16

17          Defendants

**F I L E D**
Superior Court of California
County of San Francisco

AUG 15 2012

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

Case No.: **CGC-12-523249**

**PLAINTIFF'S COMPLAINT FOR
EMPLOYMENT DISCRIMINATION IN
VIOLATION OF THE FAIR
EMPLOYMENT AND HOUSING ACT**

# BY FAX

18      Plaintiff Robert Henley (hereinafter "Plaintiff" or "Henley"), an individual, through his

19  attorneys of record, hereby alleges and complains as follows:

20                      **JURISDICTION AND VENUE**

21          1.    The San Francisco County Superior Court has jurisdiction in this matter

22  due to the violations of the California Government Code alleged against defendants occurred in

23  the state of California.

24          2.    Venue as to each defendant is proper in this judicial district, pursuant to

25  California Code of Civil Procedure Sections 395(a) and 395.5, and Business & Professions Code

26  Section 17203. Plaintiff performed work for Defendant in San Francisco. Furthermore, each

27  defendant either maintains an office, transacts business, has an agent, or is found in the County

28

of San Francisco, and each defendant is within the jurisdiction of this Court for the purposes of service of process.

## PARTIES

3.      Plaintiff Robert Henley is an individual over the age of eighteen (18) and is now, and at all times mentioned in this Complaint, was a resident of California.

4.      Defendant Heineken USA, Inc. (hereinafter referred to as "Heineken") is a corporation organized and existing under New York law, and authorized to conduct business in California.

5.      At all relevant times Heineken has been an employer subject to suit under the California Fair Employment and Housing Act ("FEHA").

6.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is in some manner responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was the agent, employee, partner, joint venturer, of each of the remaining defendants, in doing the things hereinafter alleged they were acting within the course and scope of such agency, employment, partnership, and joint venture, and, they authorized, ratified, aided, abetted, encouraged, and counseled the doing of the things hereinafter alleged.

## GENERAL ALLEGATIONS

8.      In June of 2001, Henley commenced his career with Heineken. He performed his job well and consistently received merit pay increases and bonuses.

9.      In approximately September 2008, Chris Brown ("Brown") was hired to be Henley's supervisor.

10.      Heineken gives annual performance reviews each year. The performance review has two components. The first component is performance objectives, which is a purely

quantifiable rating measuring whether the employee met his sales goals. The second component is competencies, which is more subjective rating system. The two components are combined based on a performance matrix to determine the employee's overall rating.

11.    In 2010 Brown completed Henley's performance review. Henley was given a "good" rating in his performance objectives, meaning he met his sales goals. However, he was given a "needs improvement" rating on his competencies. Based on the Heineken performance matrix, an employee who receives a "good" rating on the objective performance objectives and a "needs improvement" rating on the subjective competencies should receive an overall performance rating of "good." Thus, Henley should have received an overall performance result of "good." Brown, however, disregarded the performance matrix gave Henley and overall performance rating of "needs improvement." As a result of this lower performance rating, Henley did not receive a salary increase in 2011.

12.    Shortly after the 2010 performance review was issued, on March 14, 2011 Brown placed Henley on a performance improvement plan purportedly based on the same subjective competencies contained in the 2010 performance review. The performance improvement plan set forth clear, non-subjective goals, Henley needed to meet to be taken off the performance improvement plan.

13.    Henley met the clear, non-subjective goals set forth in his performance improvement plan. As a result, on July 12, 2011 he was taken off the performance improvement plan.

14.    On or around September 2011, Henley received his mid-year review, which rated his performance as good.

15.    On or around January 31, 2012, Henley was called into a meeting with Brown. During the meeting, Brown told Henley that he would receive an overall performance rating of "needs improvement" for the 2011 year. Heineken has a policy that if an employee receives two performance improvements in a row the employee is terminated. Thus, Brown informed Henley that his employment was terminated because he received two overall "needs improvement" ratings in a row.

16.     Heineken's s proffered reason for Henley's termination is a pretext to terminate him because of his race.  Henley should not have received two overall "needs improvement" performance ratings in a row.  Pursuant to Heineken's performance matrix, Henley should have received an overall good performance rating in 2010.

17.     Employees who were not African American were not downgraded on the subjective competencies component of the performance review.  Furthermore, Heineken did not disregard the performance matrix to downgrade employees who were not African American on their overall performance rating.  Henley is informed and believes and thereon alleges that Heineken has a practice and pattern of discriminating against African American employees.  In the ten years Henley worked for Heineken, he was the only African American person ever hired and the only African American to work for Heineken out of the hundreds of employees that worked in Heineken's western region.

18.     Heineken discriminated against Henley by denying him a merit based pay raise in 2011 and terminating his employment in 2012.

19.     Henley has exhausted all administrative requirements prior to filing this lawsuit.  Copies of his right to sue letter are attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

## RACE DISCRIMINATION

### (California Gov't Code § 12945 *et seq.*)

20.     Sain incorporates herein each of the foregoing paragraphs as though fully set forth herein.

21.     The California Fair Employment and Housing Act prohibits an employer from discriminating against any employee because of their race.  Henley, an African-American, is a member of a protected class as defined by the FEHA.

22.     Henley was employed by Heineken from 2001 until he was terminated on January 31, 2012.

23.     In 2010 Brown completed Henley's performance review.  Henley was given a "good" rating in his performance objectives, meaning he met his sales goals.  However,

he was given a "needs improvement" rating on his competencies. Based on the Heineken performance matrix, an employee who receives a "good" rating on the objective performance objectives and a "needs improvement" rating on the subjective competencies should receive an overall performance rating of "good." Thus, Henley should have received an overall performance result of "good." Brown, however, disregarded the performance matrix gave Henley and overall performance rating of "needs improvement." As a result of this lower performance rating, Henley did not receive a salary increase in 2011.

24.     On January 31, 2012, Henley's employment was terminated for allegedly receiving two overall "needs improvement performance" ratings in a row. Heineken's proffered reason for Henley's termination is a pretext to terminate him because of his race. Henley should not have received two overall "needs improvement" performance ratings in a row. Pursuant to Heineken's performance matrix, Henley should have received an overall good performance rating in 2010.

25.     Employees who were not African American were not downgraded on the subjective competencies component of the performance review. Furthermore, Heineken did not disregard the performance matrix to downgrade employees who were not African American on their overall performance rating. Henley is informed and believes and thereon alleges that Heineken has a practice and pattern of discriminating against African American employees. In the ten years Henley worked for Heineken, he was the only African American person ever hired and the only African American to work for Heineken out of the hundreds of employees that worked in Heineken's western region.

26.     Heineken discriminated against Henley by denying him a merit based pay raise in 2011 and terminating his employment in 2012.

27.     As a result of this unlawful termination and Heineken's illegal conduct, Henley has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

28.   In denying Henley's merit raise and terminating Henley as described herein, Heineken acted with oppression, fraud and malice, in conscious derogation of Henley's rights under applicable law.  Henley is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Defendants.

29.   WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Henley prays for judgment against Heineken herein as follows:

1.   Compensatory damages in an amount to be proven at a trial by jury.

2.   Pre-judgment and post-judgment interest as allowed pursuant to statutory and common law.

3.   Exemplary and punitive damages in an amount sufficient to punish Heineken and make an example out of it.

4.   Henley's taxable costs and expenses of litigation including, but not limited to, attorneys' fees pursuant to statutory and common law.

5.   Such other relief as the Court deems just.

///

BROWNSTEIN & THOMAS, LLP

DATED: August 15, 2012

MARK C. THOMAS
Attorney for Plaintiff
Robert Henley

# EXHIBIT A



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

GOVERNOR EDMUND G. BROWN JR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 15, 2012

Robert Henley

119 Sucamore Ave.

South San Francisco, CA 94080

RE: 26828-13481 - Henley Robert - Right To Sue

### Notice of Case Closure and Right to Sue

Dear Robert Henley:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 15, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Department of Fair Employment and Housing


cc: Maggie Timony, Agent for Service for Heineken USA, Inc.



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
26828-13481

COMPLAINANT NAME:
Robert Henley

TELEPHONE NUMBER:
(650) 219-3576

ADDRESS:
119 Sucamore Ave.

CITY/STATE/ZIP:
South San Francisco, CA 94080

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

RESPONDENT NAME:
Heineken USA, Inc.

AGENT FOR SERVICE NAME:
Maggie Timony

TELEPHONE NUMBER:
(914) 681-4100

ADDRESS (AGENT FOR SERVICE):
360 HAMILTON AVENUE, Suite 1103

CITY/STATE/ZIP:
White Plains, NY 10601

NO. OF EMPLOYEES/MEMBERS:
500

DATE MOST RECENT DISCRIMINATION TOOK PLACE:
Jan 31, 2012

TYPE OF EMPLOYER:
Private Employer

CO-RESPONDENT(S):

NAME          ADDRESS          PHONE NUMBER

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Immediate Right to Sue."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Dated August 15, 2012 At South San Francisco          Verified By: Mark C. Thomas attorney for complainant

DFEH-300-030 (07/12)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Aug 14, 2012
COMPLETED: Aug 15, 2012

STATE OF CALIFORNIA

Page 1/2



CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND
HOUSING ACT

I ALLEGE THAT I EXPERIENCED:
Discrimination

ON OR BEFORE: Jan 31, 2012

BECAUSE OF MY      Color, Race
ACTUAL OR
PERCEIVED:

AS A RESULT, I WAS:        Terminated, Other
                          denied a merit pay raise

STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION:

In June of 2001, Henley commenced his career with Heineken. He performed his job well and consistently received merit pay increases and bonuses. In approximately September 2008, Chris Brown ["Brown"] was hired to be Henley's supervisor. Heineken gives annual performance reviews each year. The performance review has two components. The first component is performance objectives, which is a purely quantifiable rating measuring whether the employee met his sales goals. The second component is competencies, which is more subjective rating system. The two components are combined based on a performance matrix to for an over all rating. In 2010 Brown completed Henley's performance review. Henley was given a "good: rating in his performance objectives, meaning he met his sales goals. However, he was given a "needs improvement" rating on his competencies. Based on the Heineken performance matrix, an employee who receives a "good" rating on the objective performance objectives and a "needs improvement" rating on the subjective competencies should receive an overall performance rating of "good." Thus, Henley should have received an overall performance result of "good." Brown, however, disregarded the performance matrix gave Henley and overall performance rating of "needs improvement." As a result of this lower performance review, Henley did not receive a salary increase in 2011. Shortly after the 2010 performance review was issued, on March 14, 2011 Brown placed Henley on a performance improvement plan purportedly based on the same subjective competencies contained in the 2010 performance review. The performance improvement plan set forth clear, non-subjective goals, Henley needed to meet to be taken off the performance improvement plan. Henley met the clear, non-subjective goals set forth in his performance improvement plan. As a result, on July 12, 2011 he was taken off the performance improvement plan. On or around September 2011, Henley received his mid-year review, which rated his performance as good. On or around January 31, 2012, Henley was called into a meeting with Brown. During the meeting, Brown told Henley that he would receive an overall performance rating of "needs improvement" for the 2011 year. Heineken has a policy that if an employee receives two performance improvements in a row the employee is terminated. Thus, Brown informed Henley that his employment was terminated because he received two overall "needs improvement" ratings in a row. Heineken's s proffered reason for Henley's termination is a pretext to terminate him because of his race Henley should not have received two overall "needs improvement" performance ratings in a row. Pursuant to Heineken's performance matrix, Henley should have received an overall good performance rating in 2010. Employees who were not African American were not downgraded on the subjective competencies component of the performance review. Furthermore, Heineken did not disregard the performance matrix to downgrade employees who were not African American on their overall performance rating. Henley is informed and believes and thereon alleges that Heineken has a practice and pattern of discriminating against African American employees In the ten years Henley worked for Heineken, he was the only African American person ever hired and the only African American to work for Heineken out of the hundreds of employees that worked in Heineken's western region. As a result, Heineken discriminated against Henley by denying him a merit based pay raise in 2011 and terminating his employment in 2012.

# EXHIBIT 3



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Aug-17-2012 10:08 am

Case Number: CGC-12-523249

Filing Date: Aug-17-2012 10:07

Filed by:  RONNIE OTERO

Juke Box: 001    Image: 03728850

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

ROBERT HENLEY VS. HEINEKEN USA, A NEW YORK CORPORATION et al

001C03728850

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Mark C Thomas, 215580<br>BROWNSTEIN &THOMAS<br>353 Sacramento St. Suite 1140<br>San Francisco, CA  94111<br>TELEPHONE NO.: (415) 986-1338<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY:<br>COUNTY OF SAN FRANCISCO<br>2012 AUG 17 AM II: 50<br>CLERK OF THE COURT<br>BY:<br>DEPUTY CLERK |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA  94102-0000 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Henley<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br>CGC-12-523249 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Civil Case Cover Sheet, Summons, Complaint, Notice of Plaintiff, ADR Package

**BY FAX**

3. a. Party served: Heineken USA, Inc., a New York Corporation

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process
4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
                                        Sacramento, CA  95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 8/16/2012        (2) at (time): 2:56 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:


   Heineken USA, Inc., a New York Corporation

   under:      CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:       Tyler Dimaria
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA  94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 2008-06
          (iii) County: SACRAMENTO
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 8/16/2012

|  |  |
|---|---|
| Tyler Dimaria<br>(NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |

OL# 6787356

# EXHIBIT 4

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001



ENDORSED
F I L E D
Superior Court of California
County of San Francisco

SEP 1 3 2012

CLERK OF THE COURT
BY: _____ WESLEY RAMIREZ
Deputy Clerk

Thomas H. Petrides (SBN 117121)
Nancy C. Hagan (SBN 273981)

Attorneys for Defendant Heineken USA Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ROBERT HENLEY, an individual<br><br>                    Plaintiff,<br><br>        vs.<br><br>HEINEKEN USA, a New York corporation, and DOES 1-50,<br><br>                    Defendants. | Case No. CGC-12-523249<br><br>**ANSWER OF DEFENDANT HEINEKEN USA INC. TO COMPLAINT OF PLAINTIFF ROBERT HENLEY**<br><br>[Assigned to the Honorable Katherine Feinstein, Dept. 206] |

LA-522201 v3

**ANSWER OF DEFENDANT HEINEKEN USA INC. TO COMPLAINT OF PLAINTIFF ROBERT HENLEY**

1    Defendant Heineken USA Incorporated ("Heineken"), erroneously named as "Heineken

2    USA," hereby answers the complaint of Plaintiff Robert Henley ("Plaintiff") filed on August 15,

3    2012 (the "Complaint") alleging race discrimination as follows:

### GENERAL DENIAL

5    In answer to Plaintiff's Complaint, Heineken submits this general denial pursuant to

6    California Code of Civil Procedure Section 431.30(d), and hereby generally denies each and every

7    allegation contained in Plaintiff's Complaint, and further denies that Plaintiff has been injured in the

8    amount or manner alleged or in any other manner whatsoever.  Additionally, Heineken asserts the

9    following affirmative defenses as set forth below:

### AFFIRMATIVE DEFENSES

11    Heineken asserts the following affirmative defenses, each as a separate and distinct

12    affirmative defense.  To the extent that additional affirmative defenses are discovered during the

13    course of the litigation, Heineken reserves the right to plead such additional affirmative defenses.

14    Insofar as any of the following affirmative defenses expresses a denial of an element of the claims

15    alleged against Heineken, such expression is in no way intended as a concession that Plaintiff is

16    relieved of his burden to prove each and every element of any such claim.

### FIRST AFFIRMATIVE DEFENSE

18    (Failure to State a Claim)

19    Heineken alleges that the Complaint fails to state facts sufficient to constitute a cause of

20    action against Heineken.

### SECOND AFFIRMATIVE DEFENSE

22    (Failure to Exhaust Administrative Remedies)

23    Heineken alleges that to the extent Plaintiff's Complaint seeks to recover any damages or

24    relief with respect to any claims that Plaintiff has not previously filed a complaint with the California

25    Department of Fair Employment and Housing ("DFEH") or the Equal Employment Opportunity

26    Commission ("EEOC"), then such claims are barred because Plaintiff has failed to timely exhaust his

27    administrative remedies with respect to those claims as required by law.

28

1

**ANSWER OF DEFENDANT HEINEKEN USA INC. TO COMPLAINT OF PLAINTIFF ROBERT HENLEY**

1

**THIRD AFFIRMATIVE DEFENSE**

2

(Statute of Limitations)

3

Heineken alleges that to the extent Plaintiff's Complaint seeks to recover any damages or

4

relief with respect to any claims that Plaintiff has not timely filed his Complaint within the applicable

5

statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 337,

6

338, 339, 340, 340.2, and 343 and California Government Code Sections 12960(d) and 12965, then

7

such claims are barred by the applicable statute of limitations.

8

**FOURTH AFFIRMATIVE DEFENSE**

9

(Workers' Compensation Exclusive Remedy)

10

Heineken alleges that to the extent Plaintiff seeks damages or makes a claim on account of

11

alleged physical and/or emotional injury arising from his employment, Plaintiff's exclusive remedy is

12

provided by the California Workers' Compensation Act, California Labor Code sections 3600, *et*

13

*seq.*, which acts as a complete bar to Plaintiff's civil claims.

14

**FIFTH AFFIRMATIVE DEFENSE**

15

(Legitimate Business Reasons)

16

Heineken alleges that the cause of action alleged in Plaintiff's Complaint is barred because

17

any employment actions allegedly taken by Heineken (to the extent performed at all), are non-

18

actionable and/or privileged because they were taken for legitimate business reasons and such actions

19

were not pretextual or in violation of any law or statute.

20

**SIXTH AFFIRMATIVE DEFENSE**

21

(Failure to Utilize Preventative/Corrective Measures; Avoidable Consequences)

22

Heineken alleges that Plaintiff's employer took reasonable preventative and corrective

23

measures, including having proper discrimination and harassment policies and complaint procedures

24

in place, that Plaintiff unreasonably failed to utilize the preventative and corrective measures that

25

Plaintiff's employer provided, and reasonable use by Plaintiff of Plaintiff's employer's procedures

26

would have prevented at least some of the harm that the Plaintiff alleges he suffered (all of which

27

allegations are denied by Heineken). Heineken is therefore not liable for the alleged claims and/or

28

Plaintiff's damages should be limited or reduced accordingly.

ANSWER OF DEFENDANT HEINEKEN USA INC. TO COMPLAINT OF PLAINTIFF ROBERT HENLEY

## SEVENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

Heineken alleges that if Plaintiff is able to prove that both lawful and unlawful factors motivated the employment decision(s) complained of (which Heineken denies that any employment decisions were motivated by any unlawful factors), Heineken asserts that it would have taken the same employment action(s) absent the unlawful motivating factor(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Heineken alleges that to the extent Plaintiff has incurred any damages (which Heineken denies), such alleged damages were not proximately or legally caused by Heineken.

## NINTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Heineken alleges that to the extent Heineken subsequently acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Heineken alleges that to the extent Plaintiff claims he has suffered any damages by reason of the allegations in the Complaint (which allegations are denied by Heineken), Plaintiff should not recover for such damages, or they should be reduced accordingly, because by Plaintiff's own acts and omissions he has failed to properly mitigate and/or avoid those damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Support Claim for Punitive Damages)

Heineken alleges that Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages against Heineken and fails to establish that any purported act complained of in the

3

1 | Complaint was committed, ratified or approved by an officer, director, or managing agent of

2 | Heineken.

3 | **TWELFTH AFFIRMATIVE DEFENSE**

4 | (Constitutional Limit on Punitive Damages)

5 |  Heineken alleges that Plaintiff's claims for punitive damages are barred by the contract clause

6 | (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment,

7 | Section 1), and the excessive fines clause (Eighth Amendment) of the United States Constitution, and

8 | the corresponding provisions of the Constitution of the State of California.

9 | **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

10 |  Heineken has not knowingly and intentionally waived any applicable affirmative defense and

11 | reserves the right to assert and rely on any such other applicable affirmative defenses as any may

12 | become available or apparent during the conduct of discovery.

13 |  WHEREFORE, Heineken prays for judgment as follows:

14 |  1. That Plaintiff take nothing by his Complaint;

15 |  2. That Heineken be awarded judgment in its favor and against Plaintiff;

16 |  3. For its costs of suit incurred herein, including reasonable attorneys' fees; and

17 |  4. For such other and further relief as the Court may deem just and proper.

18 |

19 |      K&L GATES LLP

20 | Dated: September 12, 2012   By:

21 |      Thomas B. Petrides

22 |      Nancy C. Hagan
     Attorneys for Defendant Heineken USA Inc.

23 |

24 |

25 |

26 |

27 |

28 |

ANSWER OF DEFENDANT HEINEKEN USA INC. TO COMPLAINT OF PLAINTIFF ROBERT HENLEY

Robert Henley v. Heineken USA, et al.
San Francisco Superior Court Case No. CGC-12-523249

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3      I am employed in the county of San Francisco, State of California.  I am over the age of 18
and not a party to the within action; my business address is **K&L GATES, LLP, Four
4  Embarcadero Center, Suite 1200, San Francisco, CA 94111.**

5      On **September 13, 2012,** I served the foregoing document(s):

6  **DEFENDANT HEINEKEN USA, INC.'S ANSWER TO PLAINTIFF ROBERT
HENLEY'S COMPLAINT**
7

8  together with an unsigned copy of this declaration, on plaintiff's counsel in this action by placing a
true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:
9

10                          COUNSEL FOR PLAINTIFFS

11                          Mark C. Thomas, Esq.
                       **BROWNSTEIN THOMAS, LLP.**
12                        353 Sacramento Street, Suite 1140
                          San Francisco, CA 94111
13                        Telephone:  (415) 986-1338
                          Facsimile:  (415) 986-1231
14

15  [X]   **BY MAIL (By Following Office Business Practice):**  I am readily familiar with this firm's
        practice of collection and processing correspondence for mailing.  It is deposited with the
16        U.S. Postal Service on that same day in the ordinary course of business.  I placed such
        envelope(s) for collection and mailing on that date following ordinary business practice.

17  [ ]   **BY PERSONAL SERVICE AT ATTORNEY'S OFFICE:**  I caused such envelope(s) to be
        personally delivered to the offices of the addressee(s) by a licensed messenger, either by
18        leaving it with a receptionist or with a person having charge thereof, or if there was no person
        in the office, by leaving it in a conspicuous place in the office between the hours of 9 a.m. and
19        5 p.m.

20

21      I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.
22

      Executed on **September 13, 2012,** at San Francisco, California.
23

24                                                _____
                                                      Lesbia M. Duarte
25

26

27

28

                              PROOF OF SERVICE