BROWNSTEIN THOMAS, LLP
MARK C. THOMAS SBN: 215580
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
Telephone: 415-986-1338
Facsimile:  415-986-1231
mark@brownsteinthomas.com

Attorneys for Plaintiff
Robert Henley

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Thomas H. Petrides (SBN 117121)
    thomas.petrides@klgates.com
Christina N. Goodrich (SBN 261722)
    christina.goodrich@klgates.com
Nancy C. Hagan (SBN 273981)
    nancy.hagan@klgates.com

Attorneys for Defendant Heineken USA
Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENLEY, an individual,<br><br>                    Plaintiff,<br><br>               vs.<br><br>HEINEKEN USA, a New York corporation, and DOES 1 -50,<br><br>                    Defendants. | Case No.: C 12-04835 JSW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Assigned to the Honorable Jeffrey S. White] |

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1.     <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, Plaintiff Robert Henley's ("Plaintiff") claim for race discrimination has put Plaintiff's employment, and any related personal information, at issue. Consequently, discovery in this action will necessarily involve the disclosure of Plaintiff's confidential, non-public, and personal information, including without limitation job history and performance, discipline, and personal data. In addition, Plaintiff's allegation that he was not terminated for cause has put many confidential and proprietary aspects of Defendant Heineken USA Incorporated's ("Defendant") business at issue. Consequently, discovery in this action will necessarily involve the disclosure of Defendant's confidential, non-public, proprietary, or trade secret information, including without limitation employment policies and procedures, personnel details, information regarding marketing, and customers, and proprietary know-how.

      Plaintiff and Defendant (collectively, the "Parties") agree that although discovery of and access to some of the Parties' personal, confidential, proprietary, and/or trade secret information may be required during the course of discovery during this litigation, public disclosure of such information may prejudice Plaintiff and/or Defendant's rights by, among other things, harming their reputation, employment prospects, intellectual property, and competitive positions. Said documents, information, and other materials may contain both relevant and irrelevant information, and information that may be protected by state and federal statutes, common law, the United States Constitution, the California Constitution, and intellectual property and trade secret laws protecting privacy and proprietary, confidential, and trade secret information. Accordingly, the Parties hereby stipulate to and request the court to enter the following Stipulated Protective Order, the purpose of which is to protect the confidentiality, proprietorship, and/or privacy of the information that may be produced and/or disclosed during the course of discovery during this litigation and limit the use of such information.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Paragraph 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Action: *Henley v. Heineken USA*, United States District Court, Northern District of California Case No., C 12-04835 JSW.

2.2    Challenging Party:  A Party or Non-Party to the Action that challenges the designation of information or items under this Order.

2.3    Confidential Information: Any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery in this Action, which contains information that is non-public, confidential, and/or proprietary, whether personal or business-related; such as information regarding employees' personal and employment information (including without limitation social security numbers and personal bank account numbers), as well as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material, such as non-public customer lists, past product development, past business/strategic plans, past sales projections, past marketing plans, and non-public contracts.  Certain limited types of Confidential Information may be further designated as "Confidential – Attorneys' Eyes Only Information."

2.4    Confidential  – Attorneys' Eyes Only Information: Any Confidential Information relating to pending patent applications, products currently in development and not yet commercially

released, current business/strategic business plans, future sales/financial projections, future marketing plans, detailed sales and financial data, or other highly sensitive or proprietary competitive or financial information.

   2.5 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and Housel Counsel (as well as their support staff).

   2.6 <u>Defendant</u>: Defendant Heineken USA Incorporated.

   2.7 <u>Designating Party</u>: The Party or Non-Party making the confidential designations on Discovery Material.

   2.8 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stores, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   2.9 <u>House Counsel</u>: Attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

   2.10 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

   2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

   2.12 <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel of Record, and their support staffs.

   2.13 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

   2.14 <u>Protected Material</u>: Confidential documents and information produced by any party in any form in this litigation.

   2.15 <u>Receiving Party</u>: Party receiving Confidential Information or Confidential Attorneys' Eyes Only Information.

**STIPULATED PROTECTIVE ORDER C 12-04835 JSW**

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentation by parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualified under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designation</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) and (b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding any other terms of this Protective Order, a Party may not designate Material produced by another Party.

Designation in conformity with this Order requires:

(a)    <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualified for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  Such designated Material shall be identified by Bates number.  To the extent practical, the legend or label shall be placed near the Bates number.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that

contains Protected Material.  If only a portion or portions of the material on a page qualified for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that such be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of said deposition, or other pretrial or trial proceeding, or within thirty (30) days of receipt of the transcript, whichever is later.  Until such thirty (30) day period shall expire, such testimony shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After such thirty (30) day period expires, such testimony shall be treated consistent with its designation, if any, and pursuant to the terms of this order.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failure to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) at a mutually convenient time after service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within fourteen (14) days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

retain confidentiality as described above, all Parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation until the court

rules on the challenge or until the Designating Party withdraws such designation in writing or

publicly discloses the Disclosure or Discovery Material by filing it with the court without seeking an

order to file under seal.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order.  When the litigation has

been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a

secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a)   To the Court and court personnel, subject to Paragraph 12.4 below.  The Court

and court personnel are not required to sign a confidentiality agreement or written acknowledgement

of this Protective Order;

(b)   The Outside Counsel of Record for the Parties to this litigation (K&L Gates

LLP and Brownstein Thomas, LLP), their respective associates, partners, clerks, paralegals, legal

assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in

the prosecution or defense of this litigation or the related litigation.  These persons are not subject to

Paragraph 7.4 below;

(c)   Parties to this litigation, Party employees, or House Counsel who have

responsibility for maintaining, defending or evaluating this litigation, to the extent that their

1  respective Outside Counsel of Record determines that such disclosure is necessary for the prosecution
2  or defense of this litigation;

3         (d)      Independent experts retained or consulted by any party or their counsel as
4  required to assist in the conduct of this litigation, to the extent that Outside Counsel of Record
5  determines that disclosure is necessary for the prosecution or defense of this litigation, provided that
6  prior to disclosure, any such expert is provided with a copy of this Protective Order and
7  acknowledges in writing that he or she agrees to be bound by these terms;

8         (e)      Clerical or ministerial service providers, including outside copying services
9  and court reporters, retained by a Party's counsel to assist such counsel in connection with this
10 litigation;

11        (f)      Authors, addressees, or recipients of the Confidential Information;

12        (g)      During their depositions, witnesses in the action other than the persons
13 identified in Paragraph 7.2(c) to whom disclosure is reasonably necessary and who have signed the
14 "Agreement to Be Bound by Protective Order," attached hereto as Exhibit 1; and

15        (h)      To such other persons, as hereafter may be designated by further order of the
16 Court.

17        7.3     Disclosure of "CONFIDENTIAL –  ATTORNEYS' EYES ONLY" Information or
18 Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a
19 Receiving Party may disclose any information or item designated "CONFIDENTIAL –
20 ATTORNEY'S EYES ONLY" only to:

21        (a)      There shall be no access by the persons identified in Paragraph 7.2(c) (as it
22 pertains to the Receiving Party) to Confidential – Attorneys' Eyes Only Information.

23        (b)      To the Court and court personnel, subject to Paragraph 12.4 below.  The Court
24 and court personnel are not subject to Paragraph 7.4 below and are not required to sign a
25 confidentiality agreement or written acknowledgement of this Protective Order;

26        (c)      The Outside Counsel of Record for the Parties to this litigation (K&L Gates
27 LLP and Brownstein Thomas, LLP), their respective associates, partners, clerks, paralegals, legal
28 assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in

the prosecution or defense of this litigation or the related litigation.  These persons are not subject to Paragraph 7.4 below;

(d)     The author of the document or Material and to anyone shown on the document or Material as having received it in the ordinary course of business;

(e)     Access by persons identified in Paragraphs 7.2(d), (e), (g), and (h) of this Protective Order shall be restricted to the retained independent consultants or experts for each party whose duties and responsibilities require access to material designated as "CONFIDENTIAL  –  ATTORNEYS' EYES ONLY," and who have complied with the provisions of Paragraph 7.4. Individual staff, stenographic, and clerical employees of each such consultant or expert who has complied with the provisions of Paragraph 7.4 need not comply with that paragraph.  However, persons identified in Paragraphs 7.2(d), (e), (g), and (h) must make reasonable efforts to insure their staff, stenographic, and clerical employees do not violate any provision of this Protective Order;

(f)     To such other persons, including retained expert witnesses, as hereafter may be designated by further order of the Court.

7.4     <u>Disclosure of Confidential Information or Confidential –  Attorneys' Eyes Only Information to Particular Persons</u>

The persons identified in Paragraphs 7.2(c), (d), (e), (f), (g), and (h) shall be allowed access to Confidential Information and the persons identified in Paragraphs 7.3(d), (e), and (f) shall be allowed access to Confidential Attorneys' Eyes Only Information, subject to the limitations set forth above, only after complying with the following procedure:

(a)     Before receiving any Confidential Information or Confidential Attorneys' Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the "Agreement to Be Bound by Protective Order" (Exhibit 1), that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  House Counsel or employees authorized to receive Confidential Information shall not be required to execute the "Agreement to Be Bound by Protective Order" (Exhibit 1), but shall otherwise be bound by its terms; and

(b)    Outside Counsel of Record for each Receiving Party shall retain a copy of each signed "Agreement to Be Bound by Protective Order" (Exhibit 1).

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL  – ATTORNEYS' EYES ONLY," the Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit 1.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Right to Redact.  Nothing contained herein shall prevent a party from redacting from the Material it produces matter that the Designating party claims is a personal identifier or any other sensitive identifier, including without limitation the identifiers listed in the Federal Rules of Civil Procedure Rule 5.2(a), or is subject to attorney-client privilege, work product doctrine, a legal prohibition against disclosure, or other privileges or immunity.

12.4   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected

Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.5   <u>Effective Date</u>.  To the extent that a Party or Non-Party decides to disclose material subject to this Order before the Court signs this Order, this Order shall be deemed retroactive to the date of the Party or Non-Party's disclosure.  If a Party makes such a disclosure, it shall nonetheless label its disclosure as if this Order had been executed or amend its disclosure within fifteen (15) days from the date of this Order to label its disclosure according to this Order.

13.   <u>FINAL DISPOSITION</u>.

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2          I, Nancy C. Hagan, attest that the concurrence in the filing of this document has been obtained

3   from each of the other signatories pursuant to Northern District of California Local Rule 5-1(i)(3).

4

5                                                   K&L GATES LLP

6

7   Dated: April 5, 2013                 By:  /s/ Nancy C. Hagan
                                               Thomas H. Petrides
8                                              Christina N. Goodrich
                                               Nancy C. Hagan
9
                                               Attorneys for Defendant Heineken USA
10                                             Incorporated

11

12                                             BROWNSTEIN THOMAS, LLP

13

14  Dated: April 5, 2013                 By:  /s/ Mark C. Thomas
                                               Mark C. Thomas
15
                                               Attorneys for Plaintiff Robert Henley
16

17

18  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

19

20

21  Dated: April 12, 2013               By:  _____
                                               HONORABLE JEFFREY S. WHITE
22                                             UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                                              15

1

<u>EXHIBIT 1</u>

2

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for the

6

Northern District of California on [date] in the case of *Robert Henley, an individual v. Heineken USA,*

7

*a New York corporation, and Does 1 -50*, Case No. C 12-04835 JSW.  I agree to comply with and to

8

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

9

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

10

solemnly promise that I will not disclose in any manner any information or item that is subject to this

11

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

12

this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the Northern

14

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

15

if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number] as

18

my California agent for service of process in connection with this action or any proceedings related to

19

enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed name: _____

24

Signature: _____

25

26

27

28

16